UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARLENA OBRIEN, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br> }<br>Plaintiff, }<br>v }<br> }<br>PORTFOLIO RECOVERY ASSOCIATES, LLC }<br>AND PRA GROUP, INC., }<br> }<br>Defendants. } | | Civil Action, File No.<br>2:18-cv-05884-JFB-ARL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Marlena O'Brien [hereinafter "O'Brien"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Portfolio Recovery Associates, LLC ("PRA") and PRA Group, Inc. ("PRA Group"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on PRA's regular transaction of business within this district. Venue in this district also is proper based on PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. PRA also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. O'Brien is a natural person residing at 660 Ocean Avenue, Bohemia, NY 11716.

6. O'Brien is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about May 24, 2017, PRA sent O'Brien the letter annexed as Exhibit A. O'Brien received and read Exhibit A. For the reasons set forth below, O'Brien's receipt and reading of Exhibit A deprived O'Brien of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, PRA sent Exhibit A to O'Brien in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Citibank, N.A. for her individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges. PRA, via Exhibit A, attempted to collect this past due debt from O'Brien in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. On Exhibit A, PRA identifies itself as a "debt collector". Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. PRA Group is a Delaware Domestic Corporation.

16. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

17. In the section of the FAQs portion of PRA Group's website entitled "Who is PRA Group?", PRA Group describes itself as follows:

"PRA Group, through its subsidiaries, is a global leader in acquiring and collecting nonperforming loans, and providing a broad range of other revenue and recovery services to business clients. PRA Group is a publicly-traded (Nasdaq: PRAA) company employing more than 5,000 people across the Americas and Europe."

18. The section of PRA Group's 10K entitled "Notes to Consolidated Financial Statements" sets forth the following:

    "**Nature of operations**: As used herein, the terms "PRA Group," the "Company," or similar terms refer to PRA Group, Inc. and its subsidiaries.

    PRA Group, Inc., a Delaware corporation, and its subsidiaries, is a global financial and business services company with operations in the Americas and Europe. The Company's primary business is the purchase, collection and management of portfolios of nonperforming loans. The Company also provides the following fee-based services: class action claims recovery services and purchases; servicing of consumer bankruptcy accounts in the United States ("U.S."); and, to a lesser extent, contingent collections of nonperforming loans in Europe and South America."

19. PRA Group's required filings with the SEC set forth the following statement:

    "The results of operations include the financial results of PRA Group and all of our subsidiaries, which are in the receivables management business."

20. Upon information and belief based upon the above allegations, PRA Group directs and/or requires and/or allows PRA Group's wholly owned "debt collectors" subsidiaries such as PRA to carry out collection efforts on PRA Group's behalf and for the sole benefit of PRA Group; PRA Group always possesses the beneficial interests in the collection accounts which PRA Group's wholly owned "debt collectors" such as PRA attempt to collect.

21. Based on the above, the principal purpose of PRA Group is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

22. Based on the above, PRA Group is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. PRA is a wholly owned subsidiary of PRA Group.

24. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present PRA has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that PRA become the owner of the debt from the original creditor. These lawsuits have been brought and prosecuted in virtually every city, town and county throughout New York State and in virtually every court throughout New York State.

25. On a consistent and regular basis over a period of numerous years through the present PRA has collected or attempted debts from consumers who reside in virtually every city, town and county throughout New York State by or as a result of sending letters to these consumers at their New York address.

26. One of these consumers was O'Brien to whom PRA sent Exhibit A to in New York in an attempt to collect a past due debt.

27. Based on the above allegations, PRA, PRA Group's subsidiary, engages in purposeful activities in New York.

28. As alleged above, PRA carries out collection efforts on PRA Group's behalf and for the sole benefit of PRA Group and PRA Group always possesses the beneficial interests in the collection accounts which PRA attempts to collect.

29. In New York, PRA Group conducts its primary business of the purchase, collection and management of portfolios of nonperforming loans through the actions of PRA.

30. Therefore, the aforementioned purposeful activities engaged in by PRA in New York were for the benefit of PRA Group.

31. Plaintiff's below claims against Defendants arise from PRA, PRA Group's subsidiary, sending Exhibit A to O'Brien in New York.

32. PRA sent O'Brien Exhibit A as the "debt collector" and/or agent for the "debt collector" PRA Group and/or for the benefit of the "debt collector" PRA Group.

33. Upon information and belief, including that as alleged above PRA's Chief Compliance Officer is an employee of and is located at PRA Group, the contents of Exhibit A were created in whole or in part and/or approved by PRA Group.

34. The fact that the aforementioned purposeful activities engaged in by PRA, including sending Exhibit A to O'Brien, are done with the knowledge and consent of PRA Group is demonstrated by the following:

    a. The allegations in paragraphs 17-19 of this Complaint;

    b. The contents of the FAQs section of PRA Group's website annexed as Exhibit B (In addition to the contents on the face of Exhibit B, clicking on the link in the section of the FAQs portion of PRA Group's website entitled "How do I make a payment?" directs a person who resides in the United States to PRA's website.);

    c. Payments to pay settlements of the FDCPA lawsuits against PRA come from PRA Group;

    d. Per one or more consent orders issued by the Consumer Financial Protection Board, PRA Group is responsible for ensuring PRA's compliance with the requirements set forth in the consent orders regarding PRA's debt collection activities which include its debt collection activities in New York such as sending debt collection letters; and

e. Upon information and belief based on the contents of PRA's website, PRA's Chief Compliance Officer is an employee of and is located at PRA Group; and a Chief Compliance officer is responsible for ensuring that actions taken to collect debts, including PRA's debt collection activities in New York such as sending debt collection letters, are done in compliance with applicable laws and regulations.

35. All the actions alleged in this Complaint taken by PRA were taken by PRA as the "debt collector" and/or agent for the "debt collector" PRA Group and/or for the benefit of the "debt collector" PRA Group.

36. Upon information and belief, including that as alleged above PRA's Chief Compliance Officer is an employee of and is located at PRA Group, PRA Group created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps PRA could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

37. Based on one or more of the allegations in this Complaint, PRA Group is vicariously liable for the actions of PRA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-37 of this Complaint.

39. Exhibit A sets forth a "Current Balance Due" of $5,300.63.

40. If on the date of Exhibit A PRA was not accruing interest, late charges, and/or other charges on the "Current Balance Due" set forth in Exhibit A, then Defendants violated 15 USC §

1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance due.

## SECOND CAUSE OF ACTION-CLASS CLAIM

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-37 of this Complaint.

42. Exhibit A set forth a "Current Balance Due" of $5,300.63.

43. Upon information and belief, PRA continued to accrue interest, late charges, and/or other charges on the "Current Balance Due" set forth in Exhibit A.

44. Exhibit A failed to notify O'Brien that her "Total Now Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

45. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e as a result of PRA sending Exhibit A to O'Brien.

## THIRD CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-37 of this Complaint.

47. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-37 of this Complaint.

49. As a result of sending Exhibit A to O'Brien, Defendants violated of 15 USC 1692g.

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

51. The class consist of (a) all natural persons (b) who received a letter from PRA dated between May 24, 2017 and May 24, 2018 to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

52. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

54. The predominant common question is whether Defendant's letters violate the FDCPA.

55. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

56. A class action is the superior means of adjudicating this dispute.

57. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:  A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and any and all other relief deemed just and warranted by this court.

Dated:        November 15, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107